822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudy V. NEELY, Plaintiff-Appellant,
v.
ROADWAY EXPRESS, INC., Defendant-Appellee,
Central States Southeast and Southwest Areas Pension Fund,
Involuntary Plaintiff.
 No. 86-5832
 United States Court of Appeals, Sixth Circuit.
 July 2, 1987.
 
 M.D.Tenn.
 AFFIRMED.
 On Appeal from the United States District Court for the Middle District of Tennessee.
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Rudy Neely, a member of the Worldwide Church of God, appeals for the third time a finding that his employer, Roadway Express, Inc., had not reasonably accommodated his religious beliefs and had violated Title VII of the Civil Rights Act of 1964 in terminating him. Neely now challenges four items in the district court's award under that judgment. Specifically, Neely argues that the district court erred in denying back pay for the period between the court's order and his return to work: that the court abused its discretion in its determination of the prejudgment interest rate for back pay; that the post-judgment interest should have been computed from the decision on the merits rather than from when the amount on which interest was awarded was determined; and that an order of reinstatement with retroactive seniority should have included credit under the pension plan provided in the collective bargaining agreement covering Neely. We find all of the contentions to be without merit and affirm the judgment of the district court.
 
 
 2
 Neely was a full-time unassigned employee of Roadway Express, Inc. at its Nashville, Tennessee trucking terminal. His religious beliefs as a member of the Worldwide Church of God forbid him from working between Friday sunset and Saturday sunset and while working for Roadway, Neely adhered to this belief. To meet Roadway's need for flexibility, unassigned employees were assigned shifts one day in advance. They were guaranteed five days of work out of seven and at least eight hours off between shifts. When it became apparent in August 1979 that unassigned workers would be asked to work more Friday nights, Neely reminded the terminal manager of his Sabbath observance. Nevertheless, Neely was assigned to work on a couple of Friday nights. Neely refused to work on his Sabbath and Roadway informed him that he was no longer employed.
 
 
 3
 Neely brought suit. The district court found that Roadway had unlawfully discriminated against Neely on the basis of his religion and ordered his reinstatement. After a hearing, the district court in June 1986 entered an award of back pay, attorney's fees, and post-judgment interest on the back pay and attorney's fees from the date of those awards. The district court also awarded prejudgment interest on the back pay at ten percent per annum as provided under Tennessee Code Annotated, Sec. 47-14-123. The district court denied the request for back pay for the period between the November 2, 1983 reinstatement order and Neely's return to work on February 12, 1984.
 
 
 4
 Neely claims that he is entitled to back pay for the period between November 2, 1983, the date of the reinstatement order, and February 23, 1984, the date he returned to work. The district court denied this sum on the grounds that because of the agreement between the union and Roadway regarding seniority lists, Roadway was presented with a problem in accommodating the reinstatement order and its collective bargaining agreement. The union was made a party to effectuate the reinstatement order and protect Roadway. The court then concluded that Roadway's actions 'were an eminently reasonable accommodation of [Neely's] religious rights and complied with the spirit and letter of the Court's order.'
 
 
 5
 We find that the district court's finding that Roadway's delay in reinstating Neely was reasonable in view of the company's potential legal liability. We thus hold that it was proper for the district court to refuse to enter contempt sanctions against Roadway and to rule that it was 'unreasonable' for Neely to insist on back pay for that period 'in light of all the circumstances.'
 
 
 6
 We find the remainder of the issues without merit. The judgment of the district court is affirmed.